

SIGNED THIS 18th day of January, 2024

THIS MEMORANDUM OPINION HAS BEEN ENTERED ON THE
DOCKET. PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Paul M. Black
UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **IN RE**: | ) | **CHAPTER 13** |
| | ) | |
| **Angela Renae Smith** | ) | **Case No. 23-70619** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on a Motion for Modification of Automatic Stay ("Motion for Modification") filed by the City of Roanoke, Virginia, by counsel ("City"). ECF No. 36. The Debtor, Angela Renae Smith, by counsel, filed an Answer to Motion for Modification of Automatic Stay ("Response"). ECF No. 38. A hearing was held on the City's Motion for Modification on January 8, 2024, after which time the Court took the matter under advisement. Upon review of the Parties' filings and the arguments advanced at the hearing, and for the reasons stated below, the Court will deny the City's Motion for Modification.

### FACTUAL BACKGROUND

This case revolves around a four-minute gap in timing. The Debtor and the City are well known to each other. This saga first began in 2020 when real property located at 830 Highland

Ave., SE, Roanoke, Virginia 24013 ("Property") was owned by the Debtor's mother, Dianna Smith. *See* ECF No. 36 at 3. The City assessed delinquent real estate taxes, stormwater utility fees, and solid waste fees against the Property; filed an action against Dianna Smith for the assessed amounts; and obtained a decree from the Roanoke City Circuit Court ("Circuit Court") that appointed a Special Commissioner, David L. Collins, to sell the Property by public auction for the delinquent taxes and fees.[1] *See id.*

The City attempted to conduct the auction twice while Dianna Smith owned the Property. Before the first auction scheduled for September 9, 2020, the City entered into a payment agreement with Dianna Smith that the Debtor executed which removed the Property from auction. *Id.* at 3–4. Then, when Dianna Smith and the Debtor failed to abide by the payment agreement, the City declared the agreement null and void on February 8, 2022 and scheduled the Property for sale at its September 14, 2022 auction. *Id.* at 4. Yet, the City again had to remove the Property from auction when Dianna Smith filed for bankruptcy on September 13, 2022, the day before the second auction was scheduled. *Id.* This Court dismissed Dianna Smith's bankruptcy petition on June 12, 2023, on the Trustee's Motion. *Id.*

In or around July 2023, Dianna Smith passed away intestate, and the Debtor become the owner of the Property as Dianna Smith's only heir. *Id.* at 3. The City meanwhile scheduled the Property for sale at its September 13, 2023 auction and prior to September 13 posted a notice of the auction. *Id.* at 4. On September 13, 2023, the Special Commissioner began the auction at 12:00 p.m., sold the Property to N.C.B. Enterprises, LLC ("Purchaser"), and executed a Memorandum of Sale with N.C.B. Enterprises (collectively, the "Sale"). *Id.*

---

[1] The total taxes and fees assessed against the Property, according to the City's Motion, are $19,034.73, as of December 7, 2023. ECF No. 36 Exhibit 1.

However, what the Special Commissioner, Purchaser, and the City did not know was that the Debtor had filed a bankruptcy petition *pro se* with this Court's Clerk's Office on September 13, 2023. *See id.*; *see* ECF No. 1. The parties' filings disagree on which time the Debtor filed her petition but according to the testimony of this Court's Chief Deputy Clerk and the Debtor at the January 8, 2024 hearing, the Debtor's petition was filed with this Court at 11:56 a.m., four minutes before the Sale began. *See* ECF No. 36 at 4; ECF No. 38. Before the Purchaser could close on the Property and the Special Commissioner could file a motion confirming the Sale with the Circuit Court, the City became aware of the Debtor's bankruptcy filing. *See id.* at 4–5. The City halted its sales process, and the Debtor remains the owner in possession of the Property.

The City filed its Motion for Modification on December 14, 2023, asking the Court to find that the Property was never property of the estate under Bankruptcy Code section 541 and to modify the automatic stay under Bankruptcy Code section 362(a) to permit the City to seek confirmation of the sale with the Circuit Court. *See* ECF No. 36 at 2. In its Motion, the City argues that the Property was not protected by the automatic stay because the Debtor had no legal or equitable interest in it when she filed her bankruptcy petition on September 13, 2023 at 12:12 p.m. *See id.* at 4–6. The City alleges that under this Court's decision in *City of Roanoke v. Whitlow*, a debtor lacks property interests in real property for which a debtor's statutory equity of redemption has expired under Virginia Code section 58.1-3974 and a sale has been finalized. *See id.* at 5–6; *In re Whitlow*, 410 B.R. 220, 224 (Bankr. W.D. Va. 2009). According to the City, the Court in *Whitlow* found that under Virginia Code section 58.1-3974, a debtor's equity of redemption expired prior to the day set for a judicial sale and since this case involves similar facts to those of *Whitlow*, *Whitlow*'s holding should guide the Court. *See id.* at 6. Because the Debtor filed her petition on the day set for the Sale, the City contends that the Debtor's equity of

3

redemption expired on September 12, 2023, before she filed her petition, and she had no legal or equitable interests in the Property that could become property of the estate.² *See id.*

The Debtor, now represented by counsel, filed a Response to the City's Motion for Modification on January 2, 2024. *See* ECF No. 38. In her Response, the Debtor neither admits nor denies that she lost her right of redemption at the time she filed her petition and held the City to strict proof thereof. *See id.* ¶¶ 17–18. The Debtor focuses her argument on her legal ownership of the Property at the time she filed. The Debtor denies the City's allegation that she filed her petition at 12:12 p.m. on September 13 and affirmatively states that she filed her petition at 11:56 a.m. *See id.* ¶ 13. The Debtor attached to her Response a November 23, 2023, letter from this Court's Chief Deputy Clerk as evidence that her petition was considered filed by this Court at 11:56 a.m. but was timestamped as "entered" at 12:12 p.m. to indicate this Clerk Office's entering the petition into the CM/ECF system after the Clerk's office had reviewed the Debtor's filed petition. ECF No. 40.

The Debtor contends that since she filed for bankruptcy before the ale was conducted and she was the legal owner of the Property at the time of filing, the Property became and is still part of the property of the estate. *See* ECF No. 38 ¶¶ 17–18, 20. The Debtor asserts that since the Property is part of the bankruptcy estate, the automatic stay was in place at the time of the Sale. *See id.* ¶ 20. The Debtor thus asks the Court to deny the City's Motion and void the Sale so that the Debtor can cure any debt owed to the City under Bankruptcy Code section 1322(c)(1). *See id.*

At the January 8 hearing, counsel for the City reiterated that the Court should follow its earlier decision in *Whitlow* and find that the Debtor lacked any legal and equitable interest in the Property at the time she filed her petition unless the Circuit Court refuses to approve the Sale and

---

² In its Motion for Modification, the City erroneously refers to the Debtor's date of filing her petition as September 14, 2023, instead of September 13, 2023. *See* ECF No. 36 ¶ 18.

the Debtor regains her equitable right of redemption. Counsel for the City argued that since the Circuit Court has not yet refused to approve of the Sale, the Debtor lacked any interest in the Property at the time she filed that could become property of the estate and fall under the protection of the automatic stay.

The Debtor's counsel responded to this argument by presenting testimony of this Court's Chief Deputy Clerk that she was present when the Debtor filed her bankruptcy petition with this Court at 11:56 a.m. The Debtor's counsel contended that even if the Court could use the plain meaning of Virginia Code section 58.1-3974 to find that the Debtor's statutory right of redemption expired the day before she filed for bankruptcy and the Sale was held, the Debtor still had legal and equitable interests in the Property when she filed that could still become property of the estate and be protected by the automatic stay.

## JURISDICTION

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the referral made to this Court by Order from the District Court on December 6, 1994 and Rule 3(a) of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

## DISCUSSION

I. The Applicable Legal Standard.

Under Bankruptcy Code section 362(a), a bankruptcy petition "operates as a stay, applicable to all entities of . . . the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case" or "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a). Under Bankruptcy Code section

5

541(a)(1), property of the estate includes "except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1) (emphasis added); *see* 11 U.S.C. § 301(a) (detailing that a voluntary case under the Bankruptcy Code begins with the filing of a petition that operates as an order for relief). The United States Supreme Court has found that "541(a)(1)'s scope is broad." *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205, 103 S.Ct. 2309, 2313 (1983); *see Bayview Loan Servicing, LLC v. Gold (In re McLaren)*, 562 B.R. 309, 316 (Bankr. E.D. Va. 2016).

II. The Debtor Had Legal and Equitable Interests in the Property at the Time She Filed Her Petition Which Became Property of the Estate and Were Protected by the Automatic Stay.

The United States Supreme Court in *United States v. Craft* described the well-known idiom of an individual's property interests as a "bundle of sticks," a "collection of individual rights which, in certain combinations, constitute property." 535 U.S. 274, 278, 122 S. Ct. 1414, 1420 (2002). The Supreme Court also found that state law informs a debtor's interest in real property, or which "sticks" are in an individual's bundle. *Id. See In re Whitlow*, 410 B.R. at 223; 5 Collier on Bankruptcy ¶ 541.03 (16th ed. 2008).

In Virginia, owners of property which is subject to judicial sale for the non-payment of assessed taxes have the statutory right to redeem such property by paying into the court all assessed fees and interests before the sale is conducted and the property is lost. *In re Whitlow*, 410 B.R. at 223. Under Virginia Code section 58.1-3794, an owner of the real property subject to judicial sale "shall have the right to redeem such real estate prior to the date set for judicial sale." Va. Code § 58.1-3974.

The Court in *Whitlow* found that once this equity of redemption is lost, "[t]he sale cannot be rescinded simply by filing a bankruptcy petition." *In re Whitlow*, 410 B.R. at 223. The Court

6

also found that the equity of redemption is a legal or equitable interest of the debtor in property and so falls within the scope of the property of the estate. *See id.* at 224.

Nevertheless, courts in Virginia, including *Whitlow*, have also concluded that a debtor's legal and equitable interests in property are only extinguished when a sale is complete. *See, e.g.*, *In re Ulrey*, 511 B.R. 401, 405–06 (Bankr. W.D. Va. 2014); *Crafted Homes, Inc. v. Burnett (In re Burnett)*, 450 B.R. 589, 594 (Bankr. W.D. Va. 2011); *In re Whitlow*, 410 B.R. at 224; *In re Wolfe*, 344 B.R. 762, 767–68 (Bankr. W.D. Va. 2006); *Abdelhaq v. Pflug*, 82 B.R. 807, 809–10 (E.D. Va. 1988). In Virginia, a foreclosure sale is final when the auctioneer's hammer falls and the parties have signed a memorandum of sale. *In re Ulrey*, 511 B.R. at 406 (quoting *Rolen v. Southwest Virginia National Bank (In re Rolen)*, 39 B.R. 260, 264 (Bankr. W.D. Va. 1983)).

The Bankruptcy Court for the Eastern District of Virginia has found that "a debtor retains an interest in his property that is subject to creditor action *until the last act divesting the debtor of his property interest is completed*" and that if this last act has not been completed before a debtor files for bankruptcy, the debtor's property interest becomes part of the property of the bankruptcy estate under section 541(a)(1). *In re McLaren*, 562 B.R. at 316–17 (emphasis added). Put another way, a debtor still retains these legal and equitable sticks in her bundle until this last act is completed.

The Court in *Whitlow* considered whether a debtor had property interests in real property that had been sold at public auction under a Decree of Sale entered by the Roanoke City Circuit Court for the payment of delinquent taxes and other statutory liens two days before the debtor filed her bankruptcy petition. *In re Whitlow*, 410 B.R. at 221–22. The Court found that the debtor lacked the statutory right to redeem the real property because she filed her bankruptcy petition two days after the judicial sale of the property had taken place and a memorandum of sale had

7

been executed. *Id.* at 224. Therefore, the Court found that the judicial sale was complete and that the debtor had no statutory right to redeem her property when she filed her petition. *Id.* The Court also held that unless the Roanoke Circuit Court declined to confirm the sale, which would restore the debtor's equity of redemption, the debtor lacked any ownership rights in the property that fell under the property of the estate. *See id.*

The City contends that *Whitlow*'s holding should control in this case. According to the City, the Debtor had no legal and equitable interests in the Property when she filed for bankruptcy because the Debtor's equitable right of redemption expired the day before the Sale was scheduled and the Debtor's filing the next day could not revive this lost equitable right. *See* ECF No. 36 at 5–6. The Debtor's counsel by contrast asserts that even if the Debtor had lost the equitable right of redemption before filing, she still retained other legal and equitable "sticks" in the Property at the time of filing that could become part of the property of the estate. *See* ECF No. 38 ¶¶ 17–18, 20.

This case can be distinguished from *Whitlow*. Unlike in *Whitlow*, the Court has found here that the Debtor filed her bankruptcy petition *before* the Sale began, albeit minutes earlier.[3] This difference in timing is meaningful. The Property still belonged to the Debtor legally and equitably at the time her bankruptcy case began since the "last act" needed to divest the Debtor of her property interest, the Sale, had not even begun by the time the Debtor filed her petition. *In re McLaren*, 562 B.R. at 316.

Thus, even if the Debtor had lost her equitable right of redemption stick prior to the date set for the Sale, she still retained other legal and equitable sticks in her bundle when she filed for

---

[3] The Court concludes that the Debtor persuasively established through the November 3, 2023, letter from the Chief Deputy Clerk (ECF No. 40) and the testimony of the Chief Deputy Clerk at the January 8, 2024 hearing that the Debtor filed her petition with this Court at 11:56 a.m., thereby commencing her bankruptcy case at that time. *See* 11 U.S.C. § 301(a).

bankruptcy—such as her actual ownership and possession of the Property—which became part of the property of the estate. Since the property of the estate is created and comes under the protection of the automatic stay as soon as a debtor files a petition, the automatic stay was in effect to protect the Debtor's property interests before the Sale was conducted. *See* 11 U.S.C. §§ 362(a), 541(a); *In re Burnett*, 450 B.R. at 594. Therefore, the Sale was in violation of the automatic stay.

III. The Sale Violated the Automatic Stay and Is Void Because the City Has Not Demonstrated a Basis for Granting Relief from Stay under Bankruptcy Code Section 362(d).

Courts in the Fourth Circuit have found that foreclosure sales and other actions taken in violation of the automatic stay are void *ab initio*. *See Bayview Loan Servicing, LLC v. Robinson (In re Robinson)*, No. 15-71689, 2016 Bankr. LEXIS 358, at *16 (Bankr. W.D. Va. Feb. 4, 2016) (citing *In re McCrimmon*, 536 B.R. 374, 375 (Bankr. D. Md. 2015)); *Moore v. United States HUD (In re Moore)*, 350 B.R. 650, 655 (Bankr. W.D. Va. 2006). However, on request of a party in interest, the court may terminate modify, annul, or condition the stay retroactively under Bankruptcy Code section 362(d) to validate actions against the property of the estate that would otherwise violate the stay due to reasons such as: (1) "cause, including lack of adequate protection" of an interest in property of a party in interest; or (2) a debtor's lack of equity in the property. 11 U.S.C. § 362(d).

Here, the City has not demonstrated any basis for granting relief from the stay under section 362(d) such as a lack of adequate protection of its interest in the Property or that the Debtor does not have equity in the Property. This Court finds that the Sale is void *ab inito* and denies the City's Motion for Modification to permit the Circuit Court's approval of the Sale.[4]

---

[4] The Court notes that the Debtor is off to a rocky start in this case. The Debtor has already had one Trustee payment returned for insufficient funds. Should future payments be returned or not made, both the Trustee and the City have the means to seek relief before the Court.

9

## CONCLUSION

For all the above reasons, the City's Motion for Modification of Automatic Stay is denied. A separate order will follow.